UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER WATSON JR. III; ANDRE ANTROBUS; NECOLE SEBRO; JAMES JOHNSON; MR. SMITH; ARMON GRIM; SHANNON BAPTISTE; HEATHER THOMAS; ORETTE WILLIAMS,

Plaintiffs,

-against-

NEW YORK CITY; STATE OF NEW YORK,

Defendants.

25-CV-3005 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

On April 7, 2025, Plaintiffs, proceeding *pro se*, commenced this action by filing a complaint. (ECF No. 1.) None of the Plaintiffs paid the fees to bring this action or submitted an application to proceed *in forma pauperis* ("IFP")—that is, without prepayment of fees—and a prisoner authorization. Accordingly, by three separate orders that were all dated May 6, 2025, the Court directed Plaintiffs to: (1) submit signature pages for the complaint, in compliance with Rule 11(a) of the Federal Rules of Civil Procedure; and (2) either pay a collective total of $405.00 in fees, or alternatively, each Plaintiff submit both a completed and signed IFP application and prisoner authorization. (ECF Nos. 3-5.) Those orders specified that failure to comply would result in dismissal of the complaint.

On May 20, 2025, the Court received from Plaintiff Watson an IFP application and prisoner authorization (ECF Nos. 6-7), and by order dated June 3, 2025, the Court granted Plaintiff Watson leave to proceed IFP in this action (ECF No. 8).

None of the other Plaintiffs paid the fees or submitted both an IFP application and a prisoner authorization. Accordingly, the Court dismisses the complaint, without prejudice, insofar as it was asserted by Plaintiffs Antrobus, Sebro, Johnson, Smith, Grim, Baptiste, Thomas,

and Williams, due to their failure to pay the fees or file an IFP application and prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915.

Moreover, none of the Plaintiffs, including Plaintiff Watson, submitted a signed signature page for the complaint. Accordingly, the Court also dismisses this action without prejudice, with respect to all of the Plaintiffs, due to their failure to file a signed complaint signature page for the complaint. *See* Fed. R. Civ. P. 11(a).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated: August 7, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge